**Dan M. ZERNIAL, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, et al.,**
**Defendants-Appellees.**

No. 83–2146
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1983.

adjudge to the prevailing party just damages     for his delay, and single or double costs.").

Dan M. Zernial, pro se.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

The plaintiff, Dan M. Zernial, seeks reversal of the district court's dismissal of his complaint for failure to state a claim on which relief could be granted. We affirm the judgment of the district court, albeit in part on other grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Since the district court dismissed the complaint for failure to state a claim, we look only to the well-pleaded factual allegations of the complaint, and take them as true. *Dike v. School Board,* 650 F.2d 783, 784 (5th Cir.1981). The statement of the facts of this case is thus drawn solely from the complaint, including exhibits incorporated into it by reference.

On February 11, 1983, Zernial received a letter from C. Zablocki, a local official of the Internal Revenue Service. The letter stated that the IRS had sent Zernial several previous notices of overdue taxes, but had received no response. Because of Zernial's noncompliance, the letter continued, the IRS would, unless within ten days Zernial either paid in full or told Agent Zablocki that he was unable to pay, institute collection proceedings that might include a levy on his salary. A chart appended to the letter indicated that the allegedly overdue taxes were for the year ended December 31, 1981. Zernial sent a letter to Zablocki stating that he had not received the earlier notices referred to in Zablocki's letter; that he viewed Zablocki's letter as an attempt to deprive him of his constitutional rights; and that he already had a suit pending against the IRS,[1] which made Zablocki's demand for payment "inappropriate" and to which he would add Zablocki as a defendant if Zablocki took any further action to collect the taxes.

Two days before he received Zablocki's letter, Zernial started to work for Jacobs/Wiese Constructors, Inc. He was required to file a Form W–4 in order to determine the withholding from his pay. He filed a W–4 claiming exemption from withholding. The payroll supervisor and payroll clerk for Jacobs/Wiese told Zernial that his W–4 was defective, so he filed a

1. This is not that suit.

second one, apparently still claiming exemption.

On February 22, 1983, the payroll clerk notified Zernial that the IRS had levied on his wages. Zernial protested to her that the levy was for an incorrect amount and violated his right to procedural due process, but she withheld $518.60 from his wages, nonetheless.

Zernial filed his pro se complaint against the United States, the IRS, Zablocki and another IRS agent, Jacobs/Wiese, and the payroll clerk and supervisor on February 28, 1983. The complaint alleged violations of 42 U.S.C. §§ 1983 and 1985 (Supp. V 1981), 42 U.S.C. § 1986 (1976), and of the constitutional rights protected by *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and sought a temporary restraining order, a preliminary injunction, and a permanent injunction against all of the defendants to prevent them from taking further sums from him. Zernial also asked for the return of the money already taken and for punitive damages of $10,000 against each defendant.

The district court dismissed the complaint sua sponte before the named defendants had even been served with process.[2] The order of dismissal states that the complaint failed to state a claim upon which relief could be granted. Because of the dismissal of the complaint, the district court dismissed Zernial's motion for leave to proceed in forma pauperis as moot.

On appeal, Zernial appears only to contest the propriety of the entry of dismissal before the defendants were served, rather than its propriety on the merits. He also seeks to revive the in forma pauperis motion along with the complaint.

## II. PROPRIETY OF DISMISSAL.

### A. Dismissal Before Service on Defendants.

Zernial cites several cases that he believes state that dismissals before service of process on the defendants are improper. The only Fifth Circuit case he mentions, *Carter v. Estelle,* 519 F.2d 1136 (5th Cir.1975), is not on point: it reversed the dismissal not because it was entered before the defendant was served, but because it was entered despite the fact that the complaint stated a claim.

Zernial has referred us to no other Fifth Circuit authority, and we have found none. He does, however, urge us to rely on a line of Second Circuit cases that are directly on point. Zernial, however, does not seem to understand their import: the cases do not state categorically that such early dismissals are improper, but merely that it is improper to dismiss a nonfrivolous claim so early. *See, e.g., Graves v. Olgiati,* 550 F.2d 1327, 1328 (2d Cir.1977) (dismissal before service on defendant upheld where "complaint falls into that narrow category of cases where ... the constitutional claims asserted are 'patently without merit'") (quoting *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 776, 90 L.Ed.2d 939 (1946)); *Cunningham v. Ward,* 546 F.2d 481, 482 (2d Cir.1976) ("dismissal of a nonfrivolous claim is untimely when made before answer ..."); *Mawhinney v. Henderson,* 542 F.2d 1, 2 & n. 1 (2d Cir.1976) (reiterating "suggestion ... that pro se complaints should not be dismissed prior to service of summons and answer," but reversing dismissal because complaint stated a nonfrivolous claim). Since we find that the dismissal here was proper even under the Second Circuit standard advocated by Zernial, we need not decide whether we would adopt that standard, or a more stringent one, as Fifth Circuit law.

### B. Subject-Matter Jurisdiction.

Dismissal, however, was proper for most of Zernial's claims without regard to their merit, because the district court did not have subject-matter jurisdiction over them. Sua sponte dismissal for lack of subject-

---

**2.** Because the dismissal came before the defendants had been served, the parties listed in the caption of this case as "Defendants-Appel-lees" are neither. Zernial is the only party to this suit.

matter jurisdiction is, of course, proper at any stage of the proceedings. Fed.R.Civ.P. 12(h)(3). The claims for injunctive relief are placed beyond district-court jurisdiction by 26 U.S.C. § 7421(a) (Supp. V 1981), popularly known as the Anti-Injunction Act. That statute, with exceptions not relevant here,[3] prohibits the filing of any suit "for the purpose of restraining the assessment or collection of any tax . . . ." *Id.* It is indisputable that the injunctions sought would restrain the collection of a tax.[4] *See Smith v. Rich,* 667 F.2d 1228 (5th Cir.1982) (suit seeking injunctive relief against IRS audit); *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982) (suit to prevent IRS from withholding taxes from wages).

■ There is a judicially-created exception to section 7421(a): if the government cannot possibly prevail on its claim for the taxes and the taxpayer will be irreparably harmed by their collection, the federal courts may entertain a suit for injunctive relief. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Zernial has attempted to establish irreparable injury by asserting that he suffers from diabetes and has only recently gotten work, and that the IRS will not leave him with enough money to buy medicine. His only claim that the IRS is not entitled to the money, however, is grounded in procedural due process. It is well established that the government's need for revenue justifies the use of summary procedures to collect money, followed by a later hearing on the seizure. *Phillips v.*

*Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). Zernial's due process rights are adequately protected by his right to sue for a refund under 26 U.S.C. § 7422 (1976 & Supp. V 1981). Since he has not shown that the IRS cannot possibly recover, Zernial cannot claim the benefit of *Enochs,* and the Anti-Injunction Act bars his suit for injunctive relief.

■ Zernial's claim for return of the money collected is similarly withdrawn from federal jurisdiction by 26 U.S.C. § 7422(a) (1976). Section 7422(a) states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the [IRS] . . . ." Zernial has not alleged the administrative prerequisites to a refund suit, so the district court had no jurisdiction to hear his refund claim.

### C. The Civil-Rights Claims.

■ This leaves us with Zernial's claims for punitive damages under 42 U.S.C. §§ 1983, 1985, and 1986, and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court did have jurisdiction over those claims, 28 U.S.C. §§ 1331, 1343 (Supp. V 1981), but they were subject to dismissal even under the Second Circuit rule because they were frivolous. The frivolousness of the claims under the Civil Rights Act is clear. Sections 1985 and 1986 grant a cause of action only for conspiracies to deprive the plaintiff of his constitutional rights. 42

---

**3.** The exceptions are for suits in the Tax Court to contest deficiency notices, 26 U.S.C. §§ 6212(a), (c) (Supp. V 1981); for a grace period after mailing of a deficiency notice, to permit suit in the Tax Court, 26 U.S.C. § 6213(a) (Supp. V 1981); for a 30-day period, after filing of bond, to allow suit to contest assessment of a penalty, 26 U.S.C. § 6672(b) (Supp. V 1981); for an extension of time of collection where a tax preparer pays 15 percent of an assessed penalty, 26 U.S.C. § 6694(c) (1976); for actions by persons other than the one against whom the taxes are assessed, 26 U.S.C. §§ 7426(a), (b)(1) (1976 & Supp. V

1981); and for review of jeopardy assessments, 26 U.S.C. § 7429(b) (1976).

**4.** Zernial's complaint is ambiguous about whether he seeks relief from withholding as well as from the levy. It appears that he only seeks relief from the levy, but believes that the levy was connected with the withholding. The levy was clearly only for the 1981 back taxes. In any event, since § 7421(a) bars suits to enjoin withholding, *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982), Zernial could not sue for relief from withholding.

U.S.C. §§ 1985, 1986; *Kush v. Rutledge,* —— U.S. ——, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983) (sections 1985(1), (2), (3)); *Earnest v. Lowentritt,* 690 F.2d 1198, 1202 (5th Cir.1982) (section 1985(3)); *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981) (sections 1985(3) and 1986). Zernial's complaint alleges no conspiracy among the defendants.

■ His claim under section 1983 has a similar basic defect. That statute only provides redress for actions taken under color of state law, while the actions complained of here were taken pursuant to federal law by federal agents and private parties. *See Broadway v. Block,* 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form basis of suit under section 1983); *Stonecipher v. Bray, supra,* 653 F.2d at 401, 403 (same where both federal and private defendants acting under color of federal law).

■ The only other basis for the punitive damage claim is *Bivens, supra.* It has been suggested that a *Bivens* action may be available to remedy abuses in tax collection. *See Rutherford v. United States,* 702 F.2d 580, 585 (5th Cir.1983). Such a suit, however, would require that the plaintiff claim a deprivation of a constitutional right. *Bivens, supra,* 403 U.S. at 397, 91 S.Ct. at 2005; *Rutherford, supra,* 702 F.2d at 583–85. Zernial has not suggested that there was any abusive behavior by any of the defendants, so this case is clearly distinguishable from *Rutherford.* The only constitutional claim raised here is one of procedural due process: that the IRS had not given him adequate notice of the levy because he had not received the earlier letters the IRS claimed to have sent.

This claim is wholly without merit. Zernial admits that he received the final notice. He had *no right to a hearing before the* levy. *See Phillips v. Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). The refund claim procedure provided in section 7422 adequately protects Zernial's due process rights. *Phillips,* 283 U.S. at 597–601, 51 S.Ct. at 611–13 (involving predecessor to section 7422); *Stonecipher v. Bray, supra,* 653 F.2d at 403. Zernial's complaint simply alleges no constitutional deprivation.

## III. CONCLUSION.

We hold that Zernial's claims for injunctive relief and return of the money collected by the IRS were properly dismissed, although we base our holding on the district court's lack of subject-matter jurisdiction rather than on failure to state a claim. The injunctive claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a); 26 U.S.C. § 7422(a) prevents the district courts from hearing a refund suit brought before the taxpayer has presented the claim to the IRS.

■ We need not determine whether or how our standard of review of a dismissal for failure to state a claim should be affected when the district court orders the dismissal before the defendants have been served with process: even under the Second Circuit standard that Zernial advocates, the dismissal of his civil-rights claims was proper because they were frivolous. He has not alleged the conspiracy that is required to state a claim under sections 1985 and 1986. He has also failed to allege any facts to show that any of the defendants' actions were taken under color of state law. In the absence of such allegations, the complaint does not state a claim under section 1983. Finally, the *Bivens* claim is frivolous because the complaint asserts no violation of Zernial's constitutional rights. The only right that he alleges was violated is his right to procedural due process, but the complaint demonstrates on its face that he received all of the process to which he was entitled.[5]

We therefore AFFIRM the judgment of the district court.

---

5. As in the district court, the dismissal of Zernial's complaint renders moot his motion to proceed in forma pauperis.