**Joseph E. SIMON and John P. Simon, Plaintiffs/Appellants,**

v.

**UNITED STATES of America, Defendant/Appellee.**

No. 83-6541.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 1984.

Decided March 26, 1985.

Bryan Kravetz, Kravetz & Furlotti, Los Angeles, Cal., for plaintiffs/appellants.

Farley Katz, U.S. Dept. of Justice, Washington, D.C., for defendant/appellee.

Before SNEED, ANDERSON, and FERGUSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Joseph E. Simon and John P. Simon appeal the district court's summary judgment in favor of the United States. The district court held that the Simons' interest in property they had purchased at a state tax sale was subordinate to a federal tax lien. We affirm.

## I. BACKGROUND

The Simons purchased real property at a Los Angeles County tax auction sale. The property had been deeded to the State of California because of the previous owner's failure to pay delinquent property taxes. The county tax collector did not provide written notice of the sale to the Secretary of the Treasury or his delegate as required by 26 U.S.C. § 7425(c)(1) (1976). Thus, the property was sold without disturbing the federal tax lien to which it was subject. 26 U.S.C. § 7425(b)(1) (1976).

The Simons purchased the property for $32,200.00. Of that sum, $13,597.43 was applied to state and county property taxes and costs. The Internal Revenue Service levied upon and was paid the surplus of $18,602.57. The proceeds were applied to the tax lien, which was in excess of $200,-000.00.

The district court rejected the Simons' claims against the Government of equitable estoppel, equitable subrogation, and arbitrary and capricious denial of a petition for discharge of the federal lien. In granting summary judgment to the Government, the court ordered that the Government be allowed to exercise its rights of distraint and sale to satisfy the tax lien.

## II. DISCUSSION

In reviewing an order granting a motion for summary judgment, the standard of review is whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law. *MGM Grand Hotel, Inc. v. Imperial Glass Co.*, 533 F.2d 486 (9th Cir.), *cert. denied*, 429 U.S. 887, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976).

### A. *Equitable Estoppel*

It is undisputed that neither the Secretary of the Treasury nor his delegate were provided with written notice from the county tax collector of the impending sale. If proper notice had been given, the federal tax lien would have been discharged, although the United States would have retained the right to redeem the property. 26 U.S.C. § 7425(d)(1) (1976). The effect of not giving notice was that the Simons pur-

chased the property subject to the lien. 26 U.S.C. § 7425(c)(1).

An IRS agent informed Joseph Simon that in view of the federal tax lien, the worst that could happen to the Simons if they purchased the property would be that the Government would exercise its right of redemption, and they would be reimbursed the purchase price. The Simons argue that the Government should be estopped from asserting the federal tax lien because of the agent's failure to inform them that written notice was required and that the omission of notice would result in the lien's not being discharged.

In support of their claim of equitable estoppel, the Simons rely upon *Schuster v. Commissioner*, 312 F.2d 311 (9th Cir.1962). In *Schuster*, the IRS asserted that a bank, which acted as a trustee of an estate corpus, was liable for payment of taxes as a transferee despite the bank's having distributed the corpus to the beneficiary in reliance upon a prior ruling by the Commissioner that the corpus was not deemed part of the decedent's estate. While recognizing that estoppel should be applied against the Government with utmost caution and restraint, the *Schuster* court nevertheless found:

> It is conceivable that a person might sustain such a profound and unconscionable injury in reliance on the Commissioner's action as to require, in accordance with any sense of justice and fair play, that the Commissioner not be allowed to inflict the injury. It is to be emphasized that such situations must necessarily be rare, for the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel doctrine in its usual and customary context.

312 F.2d at 317. In holding the Government estopped, the court noted that "[i]t is difficult to see what additional action the Bank might have taken to protect itself from liability, faced with the beneficiary's demand for the corpus and the Commissioner's determination that it was not taxable.... This involved a sufficiently af-

firmative act on the Commissioner's part." *Id.* at 318. *See also United States v. Ruby Co.*, 588 F.2d 697, 703–704 (9th Cir.1978), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979) (elements of estoppel include an affirmative misrepresentation or affirmative concealment of a material fact by the Government).

We find that the agent's not informing the Simons of the notice requirement was not a sufficiently affirmative act to outweigh "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Schweiker v. Hansen*, 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 (1981) (citations omitted). Unlike the bank in *Schuster*, the Simons were not innocent third parties. *See Manocchio v. Commissioner*, 710 F.2d 1400, 1403 (9th Cir.1983). As potential purchasers of the property, it was their responsibility to ascertain the facts and the legal requirements surrounding the sale. In *Schuster*, the bank had relied upon the Commissioner's express determination that the trust was not taxable; after the bank dispersed the corpus, however, the Commissioner reversed his decision. This case involves a clear statutory requirement which has not been repealed. It was entirely reasonable for the agent to have assumed that the Simons were aware of the notice requirement and that the sale was being conducted in accordance with the statutory provisions.

B. *Equitable Subrogation*

The Simons contend they should be subrogated to the rights of the Government to the extent of the surplus proceeds. The Government has been unjustly enriched, argue the Simons, because it has received the proceeds from the county tax sale and it has been allowed to foreclose upon its federal tax lien; thus, it is the beneficiary of two tax sales.

The Simons' subrogation rights are determined according to California law. *See* 26 U.S.C. § 6323(i)(2) (1976). The prerequisites of equitable subrogation are:

(1) Payment must have been made by the subrogee to protect his own interest.

(2) The subrogee must not have acted as a volunteer.

(3) The debt paid must be one for which the subrogee was not primarily liable.

(4) The entire debt must have been paid.

(5) Subrogation must not work any injustice to the rights of others.

*Caito v. United California Bank,* 20 Cal.3d 694, 144 Cal.Rptr. 751, 756, 576 P.2d 466, 471 (1978); *In re Forester,* 529 F.2d 310, 315 (9th Cir.1976).

We find that the Simons are not subrogated to the right of the Government in the surplus proceeds because they have not met the first, second and fourth requirements. They were not acting to protect an existing interest; they did not believe they were paying the debt of another; they were purchasing property, and, as such, they were volunteers. Additionally, the entire tax lien was not paid.

California Revenue and Taxation Code § 4675 does not change our holding. Section 4675 provides that excess proceeds are to be distributed first to lienholders of record, of which the IRS, in this case, was one. Finally, the IRS was not unjustly enriched in that the surplus proceeds and the proceeds from the sale of the property by the Government were to be applied to reduce a legitimate federal tax lien.

### C. *Denial of Petition*

The IRS denied the Simons' petition to discharge the property from the tax lien. *See* 26 U.S.C. § 6325(b)(2)(B) (1976). In that the proceeds from the sale of the property would be applied to reduce the substantial tax debt owed to the Government, the denial of the Simons' petition was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1976).

The district court is

AFFIRMED.