CARL F. PLEIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pleier v. Commissioner
Docket No. 39812-87
United States Tax Court
T.C. Memo 1989-360; 1989 Tax Ct. Memo LEXIS 359; 57 T.C.M. (CCH) 1043; T.C.M. (RIA) 89360; July 24, 1989
Carl F. Pleier, pro se. Jerry L. Leonard, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is before us on respondent's oral motion to dismiss for failure properly to prosecute and respondent's motion for damages pursuant to section 6673. [1]
Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
§ 6661
1982
$ 22,938.00
$  5,734.52
$ 1,146.90
*
$ 2,233.24
$  5,734.52
1983
46,120.15
11,530.03
2,306.01
*
2,822.54
11,530.03
1984
33,371.42
8,342.85
1,668.57
*
2,098.09
8,342.85
*360 Petitioner did not file a Federal income tax return for the taxable years 1982, 1983, and 1984. In his notice of deficiency respondent determined that petitioner received income as follows: Year
Source
Type
Amount
1982
Sale of fish
1099
$  52,368.35
State of Alaska
Miscellaneous
1,000.00
1983
Sale of fish
1099
102,417.40
National Bank of Alaska
Interest
145.00
1984
Sale of fish
1099
77,665.24
National Bank of Alaska
Interest
145.00
Respondent also determined that petitioner was liable for the additions to tax cited above. The deficiency notice computation was based upon the filing status of a single taxpayer, one personal exemption, no allowance for dependents, and no allowance for any excess itemized deductions. Petitioner timely filed a petition with this Court in which he alleged that his legal residence is Dillingham, Alaska. In addition, petitioner made tax protester type allegations asserting that he is not an individual or person required to file income tax returns or pay income tax. Petitioner also filed numerous, repetitive motions including two motions *361 to remove the judge assigned to the case, seven motions to dismiss, a motion for jury trial, and various other motions, all but one of which were frivolous. The sole exception, petitioner's motion for protective order filed March 3, 1989 in response to respondent's request for interrogatories, was granted on the ground that the interrogatories were improper in form. See . When the case was called for trial, petitioner again challenged the jurisdiction of the Court, this time on the ground that he had not been properly indicted by a grand jury. The Court ruled that it had jurisdiction and explained to petitioner that his case before the Court involved a civil matter, not a criminal matter. The Court repeatedly asked petitioner if he was prepared to try his case based upon evidence about his income, his deductions, and his credits. Petitioner, who had not responded to a request by respondent to go over such matters for stipulation prior to trial, and who refused to stipulate, ignored the Court's request to present appropriate evidence. Instead, petitioner continued to press his argument that the Court had no jurisdiction. *362 He stated he did not intend to call any witnesses other than himself, but refused to take an oath or affirmation in order to testify as a witness. Petitioner has the burden of proving that respondent's determinations in the notice of deficiency are wrong. ; Rule 142(a). Since petitioner refused to introduce competent evidence to call respondent's determinations into question, respondent's motion to dismiss for lack of prosecution will be granted under Rule 123(b) and a decision will be entered in favor of respondent. In addition, we find that petitioner instituted this proceeding for purposes of delay and in order to present time-worn, well rejected frivolous claims. By our order of March 10, 1989, we explained to petitioner why he was not entitled to a jury trial in this Court; why he could not have a trial in Dillingham, Alaska; that the Court is an independent body and not a part of the Internal Revenue Service; and that the purpose of a trial in this Court is to determine whether or not respondent's determined deficiency is correct. We informed petitioner that respondent's determination is presumed to be correct and *363 petitioner has the burden of proving otherwise. We also warned petitioner: a recitation of unfounded, meritless legal arguments which have been dismissed by this Court countless times is not the kind of "information" that will help petitioner to prove his case. In order for the Court to rule in petitioner's favor, petitioner must supply facts which support his position, related to the issues raised in the notice of deficiency, not merely allegations of wrongdoing on the part of respondent. [Emphasis in original.] We also warned petitioner that if he persisted in espousing his frivolous positions instead of developing facts addressed to the issues he was in danger of having damages imposed against him under section 6673. Petitioner has been amply warned and has refused to heed the warnings. Therefore, we find the conclusion inescapable that petitioner instituted and maintained this proceeding for purposes of delay and in order to present time-worn, oft-rejected frivolous claims. Damages under section 6673 in the amount of $ 5,000 will be awarded to the United States. An appropriate order and decision will be entered. Footnotes
1. Unless indicated otherwise, all section references are to the Internal Revenue Code as amended and in effect during the period in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of interest due on the underpayments.↩