CARL F. PLEIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pleier v. Commissioner
Docket No. 1178-89
United States Tax Court
T.C. Memo 1990-426; 1990 Tax Ct. Memo LEXIS 443; 60 T.C.M. (CCH) 463; T.C.M. (RIA) 90426; August 8, 1990, Filed Decision will be entered for the respondent. Carl F. Pleier, pro se. Stephen P. Baker, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motions To Dismiss For Failure To Properly Prosecute and for Damages Under Section 6673. Respondent made both motions during the trial, after petitioner made clear that he would not present any evidence relating to the deficiency determination. For reasons given below, we grant both of respondent's motions. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1985 in the amount of $ 10,727. In addition, respondent determined additions to tax for 1985 under section 6651(a)(1) in the amount of $ 2,681.75; section 6653(a)(1) in the amount of $ 536.35; section 6653(a)(2) in the amount of 50 percent of the interest due on $ 10,727; and section *445 6654 in the amount of $ 614.70. (All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue, and all rule references are to the Tax Court Rules of Practice and Procedure.) Issues
The issues raised by the petition and answer are: 1. Whether petitioner received interest income in the amount of $ 145 during 1985 and failed to include such amount in income under section 61. 2. Whether petitioner received miscellaneous income in the amount of $ 33,381 during 1985 and failed to include such amount in income under section 61. 3. Whether petitioner is liable for self-employment tax for 1985 in the amount of $ 3,939 under section 1401. 4. Whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1) and (2), and 6654 for 1985. 5. Whether petitioner is liable for a penalty under section 6673. FACTS
Petitioner resided in Dillingham, Alaska, when his petition was filed. Petitioner has previously been before this Court for tax years 1982, 1983, and 1984. In his earlier case, Pleier v. Commissioner, T.C. Memo. 1989-360, petitioner proffered tax protestor-type *446 arguments asserting that he was not an individual or person required to file income tax returns or pay income tax, and that this Court had no jurisdiction over him. Petitioner also filed numerous, repetitive motions, all but one of which were frivolous. This Court found that petitioner instituted the proceeding for purposes of delay and to present his meritless and frivolous claims, and awarded damages of $ 5,000 to the United States. Before the trial in this case petitioner filed motions for Jury Trial, To Change Place of Trial, and To Furnish Information, all of which were denied by the Court. Subsequently, respondent filed a Motion for Protective Order requesting the issuance of an order that respondent need not respond to petitioner's interrogatories, request for admissions, and request for production of documents. Petitioner filed an objection. The Court granted respondent's motion because petitioner failed to show that he in good faith exhausted all efforts toward informal communication and discovery within the meaning of Rules 70 and 90, and Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Under the Branerton rule, and under Rule 70(a)(1), parties *447 in the Tax Court are to cooperate informally before seeking formal discovery. In addition, respondent's motion was granted because it would be unduly burdensome to respond to petitioner's discovery requests and request for admissions, and petitioner's requests for admissions would not lead to the discovery of admissible evidence. Petitioner also sought a continuance before the trial in this case on the grounds that he has attempted to meet with respondent to effect discovery and that they had ignored him, and were proceeding in bad faith. Petitioner asked for stipulations and discovery to be effected under the Branerton rule. The Court denied petitioner's pretrial continuance request because we are not convinced respondent acted improperly in this case. At the calendar call the day before the trial, petitioner again asked for a continuance until respondent produced several items. Petitioner provided the Court with a list of documents he wanted from respondent before going to trial. The list included about 36 specified IRS records, forms, files, data bases, and documents pertaining to petitioner and about 20 IRS manuals. The Court reviewed the list and denied petitioner's *448 request that the trial be continued until the documents were produced. At the calendar call the Court instructed the parties in all cases for trial to prepare a stipulation before trial covering relevant facts which are not reasonably in dispute. The Court specifically ordered petitioner and respondent's counsel to do so. The Court warned that sanctions could be applied to either party for failure to comply, including dismissal of the case for failure to properly prosecute. At the start of this trial the following day, there was no stipulation. Respondent's counsel reported that he had met with petitioner after the calendar call. Respondent's counsel asked petitioner to stipulate to several matters, such as petitioner's name, the town in which he lives, and whether he is a fisherman by occupation. Petitioner had refused to stipulate to any of these things in advance of the trial, in violation of the Court's order given the day before and the pretrial order sent to all parties five months before trial. Respondent's counsel also reported that petitioner presented no records or other information relating to computation of his income tax for 1985. At trial the Court asked petitioner *449 whether he would stipulate to these matters. In response petitioner stipulated, and we find, that he lives in Dillingham, Alaska, that he is a part-time fisherman by occupation, that he filed no income tax return for 1985, and that he had income from the National Bank of Alaska and Queen Fisheries, Inc., in 1985. At trial, petitioner objected to respondent's failure to take into account petitioner's amendment to his petition. However, the record in this case does not show that the petition was amended. Thereafter, petitioner persisted in seeking documents from respondent. He did not offer any testimony, documents, or other evidence relating to respondent's redetermination of his tax liability for 1985, although the Court repeatedly sought to have petitioner offer such evidence. The Court warned petitioner that the statutory notice is presumed correct and that he bears the burden of proof. OPINION
As in his previous case, petitioner again uses timeworn tax protestor arguments and tactics. For example, in his petition he asserts that he is not a taxpayer, and therefore not liable to file income tax returns or pay income tax because he is not a "person who receives wages *450 or salaries while in the employ of any government agency of the U.S." Again we find that they are utterly without merit. Respondent's determinations are presumed to be correct and petitioner bears the burden of proof as to all issues in this case. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). Petitioner stipulated that he received income from Queen Fisheries, Inc., and the National Bank of Alaska in 1985, but otherwise provided no evidence to rebut respondent's determination of his income for 1985. Petitioner stated that he brought no records to trial that relate to redetermination of his income tax for 1985. Accordingly, we find that respondent's determination of petitioner's income tax liability for 1985 was correct. Notice of Deficiency
As a general rule, this Court will not look behind a statutory notice to scrutinize the quality of the evidence that respondent used to make the determination, Llorente v. Commissioner, 74 T.C. 260, 264 (1980), revd. in part 649 F.2d 152 (2d Cir. 1981); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974), or the propriety of his motives or *451 administrative policies or procedures in making the determinations reflected in the notice. Jackson v. Commissioner, 73 T.C. 394, 400 (1979); see also Crowther v. Commissioner, 269 F.2d 292, 293 (9th Cir. 1959), affg. on this issue 28 T.C. 1293, 1301 (1957); Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989). Accordingly, petitioner's attempt to discover certain documents from respondent is denied because we will not look behind the statutory notice absent a showing that respondent's determination is without foundation and not based on substantive evidence. Berkery v. Commissioner, 91 T.C. 179, 186 (1988), affd. without published opinion 872 F.2d 411 (3d Cir. 1989); Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984). Failure to Report Income
Respondent determined that petitioner had unreported interest income of $ 145, and unreported miscellaneous income of $ 33,381 in 1985. Section 61 provides that gross income includes all income from whatever source derived. Petitioner presented no evidence on this issue at trial. Accordingly, we find that petitioner failed *452 to report income in the amounts of $ 145 and $ 33,381 in 1985. Self-Employment Income
Respondent determined that petitioner is liable for self-employment tax under section 1401 for 1985. Section 1401 et seq. imposes self-employment taxes on a taxpayer's self-employment income. In general, self-employment income includes the net earnings derived by an individual from a trade or business carried on by him as sole proprietor or by a partnership of which he is a member. Sec. 1.1401-1(c), Income Tax Regs. As defined in section 1402(a), net earnings from self-employment income means gross income, less certain deductions derived by an individual from any trade or business carried on by such individual. Petitioner presented no evidence on this issue at trial. Accordingly, we find that petitioner is liable for self-employment tax of $ 3,939 for 1985. Additions to Tax
Failure to Timely File
Section 6651(a)(1) provides for an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The burden of proof is on petitioner to show that the failure is due to reasonable cause *453 and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Davis v. Commissioner, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). At trial, petitioner admitted that he did not file a return for 1985. Consequently, we hold that he is liable for an addition to tax under section 6651(a)(1). Negligence
Respondent determined additions to tax for negligence under section 6653(a)(1) and (2). Section 6653(a)(1) imposes an addition to tax equal to five percent of the underpayment if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that respondent's determination that he was negligent or intentionally disregarded the rules and regulations for each of the years in issue was erroneous. Warrensburg Board & Paper Corp. v. Commissioner, 77 T.C. 1107, 1112 (1981); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). *454 Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417 (9th Cir. 1984); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner appears to be an intelligent person, and he has been through the trial process on similar issues before this Court. Yet he continues to make frivolous arguments as to his liability to file income tax returns and pay income tax. We cannot imagine that a reasonable person would continue to take this approach after he has already failed in this Court. We hold that petitioner is negligent and liable for the additions to tax under section 6653(a)(1) and (2). We also hold that all of the understatement is due to negligence. Failure to Pay Estimated Tax
Respondent also determined that petitioner is liable for the addition to tax under section 6654 for 1985 because petitioner had no taxes withheld and made no estimated tax payments. The section 6654 addition to tax is mandatory absent a showing by petitioner that one of several statutorily provided exceptions applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). *455 Petitioner has not shown that any of these exceptions apply. Therefore, petitioner is liable for an addition to tax within the meaning of section 6654 for taxable year 1985. Proceedings Instituted Primarily For Delay
Section 6673 states that this Court shall award a penalty not in excess of $ 25,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Sicalides v. Commissioner, T.C. Memo. 1989-164. The record in this case establishes that petitioner's case involved frivolous and discredited arguments and tactics as in his prior trial. As noted, petitioner has previously appeared before this Court and knew or should have known that his claims were frivolous and groundless. Nevertheless, he instituted and maintained this action to delay the payment of his taxes. *456 Petitioner insisted on wasting the resources of this Court by presenting legal theories that have been thoroughly repudiated. This was essentially a repeat of his case before this Court last year, for which we awarded damages of $ 5,000 under section 6673. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 7,500. To reflect the foregoing, Decision will be entered for the respondent.