911 F.2d 738
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Mark T. FREY and Christine L. Frey, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-55492.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1990.
Decided Aug. 13, 1990.
 Before JAMES R. BROWNING and PREGERSON, Circuit Judges, and McKIBBEN,* District Judge.
 MEMORANDUM**
 Appellants Mark and Christine Frey (the "Freys") appeal the district court's grant of summary judgment in favor of the United States. The district court held that the Internal Revenue Service ("IRS") had a legitimate tax lien on the Freys' property and that the IRS was not equitably estopped from asserting its lien rights. The court further found that the Freys could not establish priority over the tax lien under a theory of equitable subrogation. We affirm.
 FACTS
 Alvin and Patricia Feliciano owned real property in La Verne, California. The Felicianos encumbered the property with two deeds of trust. The State of California recorded a tax lien against the property in 1986. In March 1986, the IRS recorded a federal tax lien. Subsequently, the IRS served a notice of levy of the property upon the Felicianos. In November, Mrs. Feliciano filed a Chapter 7 bankruptcy proceeding, which automatically stayed the IRS' seizure proceedings.
 On February 23, 1987, the Freys offered to purchase the property from Patricia Feliciano. An escrow was opened and a title report was prepared which disclosed the existence of the tax liens and the trust deeds. The escrow agreement provided that the sale of the property was contingent upon the seller receiving a release of the federal tax lien.
 In March, Patricia Feliciano obtained a Release of Levy from the IRS. Feliciano alleges that although she cannot remember the exact representations made by the agent present when she obtained the release, she had the impression she was receiving a release of the lien as well. IRS agent Randolph Bailey, who signed the Release of Levy, denies telling Feliciano that the IRS was releasing the lien. Bailey states the levy was released "in light of the bankruptcy petition."
 On May 22, 1987, title to the property was transferred to the Freys. The Freys allege that the real estate agents told them that the property was no longer encumbered by the federal tax lien. The final title report failed to reflect the federal tax lien which was still of record. The funds from the sale of the property were used to discharge the obligations on the three senior encumbrances. Patricia Feliciano retained three thousand dollars ($3,000.00). The IRS received nothing from the sale.
 Since the IRS was not notified of the sale, the property remained subject to the federal tax lien. 26 U.S.C. Sec. 7425(b)(1) (1988). The IRS discovered that the property had been sold to the Freys on October 22, 1987. On February 22, 1988, the IRS commenced collection proceedings under the lien and served a notice of seizure of the property upon the Freys.
 DISCUSSION
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo a district court's grant of summary judgment. Banks v. Bethlehem Steel Corp., 870 F.2d 1438, 1441 (9th Cir.1989). 1. Wrongful Levy--The Freys contend that their property is subject to a wrongful levy since the IRS improperly released the initial levy. 26 U.S.C. Sec. 7426 allows third parties to bring an action against the United States when property is wrongfully seized pursuant to levy by the IRS. Arth v. United States, 735 F.2d 1190, 1192-93 (9th Cir.1984). To maintain an action for wrongful levy, the moving party must show that he has an interest in or a lien on such property, and the levy is wrongful. Flores v. United States, 551 F.2d 1169, 1171 (9th Cir.1977). The plaintiff has the ultimate burden of proving that the levy was wrongful and should be overturned. Morris v. United States, 813 F.2d 343, 345 (11th Cir.1987).
 Here, the Freys have an ownership interest in the property; however, they have failed to show that the levy was wrongful. Feliciano owned the property at the time the federal tax lien arose. The Freys succeeded to Feliciano's title which was already encumbered by the tax lien. That tax lien was never removed. There is no evidence in the record of misconduct or bad faith on the part of the IRS in releasing the original levy and subsequently relevying on the property. The district court properly found the Freys failed to establish a wrongful levy.
 2. Equitable Estoppel--The Freys contend the government should be estopped from asserting its lien rights because the revenue agent released the levy knowing a sale of the property was to be conducted and knowing the Felicianos had minimal equity in the property to pay the government lien. Traditional estoppel requires: 1) that the party to be estopped know the facts; 2) the party must intend that his or her conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; 3) the latter must be so ignorant of the true facts; and 4) he must rely on the former's conduct to his injury. United States v. Wharton, 514 F.2d 406, 412 (9th Cir.1975).
 Two additional elements must be established to set forth a claim of estoppel against the government. First, the party seeking estoppel must establish affirmative misconduct beyond mere negligence. Second, estoppel will only apply when the government's wrongful act will cause a serious injustice and the public's interest will not suffer undue damage by imposition of the liability. Watkins v. United States Army, 875 F.2d 699, 707 (9th Cir.1989).
 
 
 1
 Here, there is no evidence of affirmative misconduct on the part of the government officials. The document executed by the IRS agent clearly stated it was a release of levy. The IRS agent never released the federal tax lien on the property and never told anyone that the lien was released. The tax lien remained on record throughout the negotiations and was a matter of public record at the time the escrow closed. The Freys were on notice of the federal tax lien through the information contained in the preliminary title report. Therefore, the district judge correctly ruled that the Freys were not entitled to recover under the theory of equitable estoppel.
 
 
 2
 3. Equitable Subrogation--The Freys also contend they are entitled to be equitably subrogated to the liens that were senior to the federal tax lien at the time of the sale of the property except for the three thousand dollars ($3,000.00) that Feliciano realized on the sale. The district court properly rejected this argument.
 
 
 3
 Under California law, to be equitably subrogated to the rights of a secured creditor: 1) payment must have been made by the subrogee to protect his own interest; 2) the subrogee must not have acted as a volunteer; 3) the debt paid must have been one for which the subrogee was not primarily liable; 4) the entire debt must have been paid; and 5) subrogation must not work any injustice to the rights of others. Caito v. United California Bank, 20 Cal.3d 694, 576 P.2d 466, 471, 144 Cal.Rptr. 751 (1978).
 
 
 4
 Here, as in Simon v. United States, 756 F.2d 696 (9th Cir.1985), the Freys were not acting to protect an existing interest nor were they paying the debt of another. The Freys paid money "solely as volunteer purchasers of property." Fidelity Nat'l Title Ins. Co. v. United States, No. 89-55209, slip op. (9th Cir. Jul. 2, 1990). This case is to be distinguished from those in which an owner discharges a debt owed to a senior lienholder in order to protect the owner's interest in the property. First Am. Title Ins. Co. v. United States, 848 F.2d 969, 972 (9th Cir.1988). The right granted to owners who pay off debts is not a right also granted to a purchaser in a position similar to that of the Freys. Fidelity Nat'l Title Ins. at 4. Therefore, the Freys cannot benefit from the rights of any lienholders senior to the IRS. The district court properly concluded the Freys are not entitled to equitable subrogation, and the property remains subject to the IRS lien.
 
 CONCLUSION
 
 5
 The district court's judgment in favor of the United States is AFFIRMED.
 
 
 
 *
 The Honorable Howard D. McKibben, U.S. District Judge for the United States District Court of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3