JAMES C. LOVELACE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lovelace v. Commissioner
Docket No. 10487-88
United States Tax Court
T.C. Memo 1990-563; 1990 Tax Ct. Memo LEXIS 635; 60 T.C.M. (CCH) 1145; T.C.M. (RIA) 90563; October 29, 1990, Filed *635 Decision will be entered for respondent. James C. Lovelace, pro se. John C. Meaney, for the respondent. GALLOWAY, Special Trial Judge.
GALLOWAY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182 [1] and is before the Court on respondent's oral motion to dismiss for failure to properly prosecute and respondent's oral motion for damages (penalty) *636 under section 6673 in the amount of $ 5,000. Respondent determined a deficiency in and additions to petitioner's Federal income tax as follows: Additions to Tax - Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1983
$ 2,551.13
$ 637.78
$127.56
* $ 156.18 Petitioner was a resident of Rancho Cordova, Sacramento County, California, when the petition in this case was filed on May 11, 1988. During the year 1983, petitioner was a licensed chiropractor in Sacramento County. *637 Petitioner advertised in the yellow pages of the 1987 Sacramento County telephone directory that he was engaged in chiropractor practice under the name of Cordova Chiropractic Office and that he had been serving the Sacramento-Rancho Cordova area for 21 years. In his notice of deficiency dated February 29, 1988, respondent determined that petitioner did not file a Federal income tax return for 1983 and that petitioner received unreported income as follows: Source
Type
Amount
Blue Cross of California
1099-misc.
$ 5,900
The Union Labor Life Insurance Co.
1099-misc.
260
Allstate Insurance Company
1099-misc.
2842
California Physician Service
1099-misc.
746
Gallagher Bassett
1099-misc.
2,724
Crocker National Bank
1099-int.
14
TOTAL:
$ 12,486
Petitioner, in his explanation of disputed adjustments, made various protester-type allegations concerning Fifth Amendment rights and denied that he is a "taxpayer." Petitioner further claimed that he did not receive a copy of the notice of deficiency. Respondent denied that petitioner had not received a copy of the notice of deficiency and attached to his answer a copy of the document which petitioner *638 had mailed to the Director of the Fresno Service Center. On the back of the notice of deficiency petitioner demanded an explanation "where the information attributed to me (in the notice of deficiency) came from." Respondent also alleged that petitioner had failed to comply with Rule 34(b)(4) and (5) by failing to clearly and concisely assign errors or state facts in support of assigned errors. On April 11, 1984, petitioner signed a two-page Form 1040 for the year 1983. This form disclosed petitioner's filing status as married filing separately, that he was self-employed, and that his wife (Carmel) was a homemaker. At the top of page one of the form, petitioner typed "The attached * * * memorandum is to be considered a part of this return. The word 'object' in response to a specific question means on the grounds of self-incrimination." On the Form 1040 entry lines, petitioner typed "object" 40 times and "none" 13 times. There were no other entries on the form. However, petitioner attached 16 pages of tax protester material to the Form 1040 and mailed it to the Fresno Service Center. The Form 1040 was received by the Internal Revenue Service on April 27, 1984, but not filed, *639 since it was not a valid tax return. [2]
The Form 1040 for 1983 was identical to Forms 1040 which petitioner had prepared for the years 1981 and 1982. These forms, to which petitioner had attached the same protester documents, were signed and dated by petitioner on December 17, 1983, mailed to respondent and received by him on January 9, 1984. Respondent determined deficiencies and additions to tax for *640 the years 1981 and 1982 on July 7, 1987. After the parties' petition and answer were filed (docket No. 31068-87), the pleadings were closed. Respondent filed a motion for summary judgment on the ground that the only assignment of error in the petition was petitioner's contention that this Court must dismiss "the Notice (of Deficiency) for the reason that it was not done within the time allowed by law (three years)." Petitioner filed a frivolous tax-protester type response to respondent's motion, in which he claimed he filed returns, and demanded a jury trial. In our Order And Decision dated October 4, 1988, in docket No. 31068-87, we held that the Forms 1040 submitted by petitioner for the years 1981 and 1982 were not Federal income tax returns. (See United States v. Porth, 426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970)), and that the deficiencies and additions to tax were not barred by the statute of limitations. We granted respondent's motion for summary judgment and awarded damages of $ 5,000 to the United States under section 6673 on the ground that the proceedings in docket No. 31068-87 were instituted and maintained primarily *641 for delay and that petitioner's position in that proceeding was frivolous and groundless. Petitioner did not appeal the decision of the Court. In the case at issue, the Clerk of the Court received from petitioner on September 1, 1989, a two sentence document captioned "Amended Petition," which was filed on that date as petitioner's motion to file amended petition. We denied petitioner's motion to file amended petition since it alleged the identical assignment of error raised by petitioner (and rejected by the Court) in docket No. 31068-87, i.e., that the 3-year statute of limitations had expired. When this case was called for trial at Portland, Oregon, respondent filed a trial memorandum which enumerated the issues for trial as petitioner's failure to report income received from his chiropractic practice, failure to report interest income, and delinquency, negligence, and estimated tax additions. Petitioner refused to cooperate with respondent in preparing for trial, including a refusal to execute a stipulation of facts prepared by respondent. Petitioner's conduct at trial was disruptive. He refused to discuss or present evidence concerning the issues to be decided by the Court. *642 Petitioner continually objected to any mention of the Court's prior ruling with respect to similar issues considered by the Court for the 1981 and 1982 taxable years (docket No. 31068-87), to any reference to his unreported income, and to respondent's oral motions made at the conclusion of trial for failure to properly prosecute and for damages (penalty) under section 6673. Petitioner refused to answer questions of the Court relating to his chiropractic business and when he last filed income tax returns. Moreover, as trial commenced, petitioner insisted that Mrs. Lovelace represent him at trial. Mrs. Lovelace claimed she had a notarized power of attorney to represent petitioner. The Court advised petitioner that Mrs. Lovelace was not a party to this proceeding and could not represent petitioner since she was not authorized to practice before this Court. Rule 200. See also Adams v. Commissioner, T.C. Memo. 1990-38. Petitioner also insisted that he be allowed to file his "Stipulation Of Facts." Although captioned a stipulation of facts, this 7-page document was signed solely by petitioner and merely contained additional protester arguments. The document was *643 filed as petitioner's memorandum of authority. At petitioner's request, the Court allowed petitioner's wife to read this document into the record. Petitioner has the burden of proving that respondent's determinations in the notice of deficiency are wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Petitioner's arguments in Court at the trial of this case served no useful purpose. He refused to introduce competent evidence to dispute respondent's determination. Petitioner had no intention of addressing the substantive issues before the Court for trial. Moreover, petitioner resisted every effort of the Court to encourage him to address these issues. Accordingly, respondent's motion to dismiss for lack of prosecution will be granted under Rule 123(b) and a decision will be entered in favor of respondent. See Pleier v. Commissioner, T.C. Memo. 1989-360, affd. without published opinion 911 F.2d 738 (9th Cir. 1990). We next consider respondent's oral motion for damages (penalty) under section 6673. Whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily *644 for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a). [3]
Petitioner has offered nothing in support of his case but the identical frivolous and groundless tax protester arguments that he advanced for the years 1981 and 1982 in docket No. 31068-87. In that proceeding, we rejected petitioner's arguments and awarded damages to the United States under section 6673, as applicable to those years. Petitioner ignored our order *645 and the damage award when he advanced the identical time-worn protester arguments in the present case. Accordingly, we grant respondent's motion and require petitioner to pay to the United States a penalty of $ 5,000 for positions taken after December 31, 1989. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the amount of the underpayment due to negligence.↩
2. An appeal in this case would be to the Ninth Circuit Court of Appeals. We note that in United States v. Kimball, 896 F.2d 1218, 1221↩ (9th Cir. 1990), the Court of Appeals reversed an unreported District Court case, holding that similar Forms 1040 submitted by the taxpayer in that case for the 1979, 1980, and 1981 years constituted "'returns' as a matter of law [for purposes of a criminal conviction] under section 7203." However, the Court emphasized that the forms filed by that taxpayer were sufficient returns only for the purpose of precluding criminal prosecution under section 7203.
3. The Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400 changed the term "damages" to "penalty" and increased the amount which can be awarded to the United States from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩