JOHN ANDERSON, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 3183-89
United States Tax Court
T.C. Memo 1990-647; 1990 Tax Ct. Memo LEXIS 722; 60 T.C.M. (CCH) 1502; T.C.M. (RIA) 90647; December 27, 1990, Filed *722 Decision will be entered for the respondent. John Anderson, pro se. John C. Meaney, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
*2149 MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182 [1] and is before the Court on respondent's oral motion to dismiss for failure to properly prosecute and respondent's oral motion for damages (penalty) under section 6673 in the amount of $ 5,000. *723 Respondent determined a deficiency in and additions to petitioner's Federal income tax as follows: Additions to Tax - Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1985
$ 6,541.00
$ 1,635.25
$ 327.05
* $ 374.82
In his notice of deficiency dated November 18, 1988, respondent determined that petitioner did not file a Federal income tax return for 1985 and that petitioner received unreported income as follows: Source
Type
Amount
Taylor Electric Supply Inc.
nonemployment
compensation
$ 18,984
State of Oregon Employment Div.
unemployment
Department of Human Resources
compensation
$  2,604
TOTAL:
$ 21,588
Petitioner was a resident of Gresham, Oregon, when the petition in this case was filed on February 17, 1989. Petitioner, in his 6-page protester-type petition, alleged that the notice of deficiency is invalid because *724 it is procedurally incorrect in that, among other things, the notice was not issued by a properly delegated official. Petitioner asserts that this claimed defect gives "the Tax Court no jurisdiction upon which to act in this matter." Petitioner also made various protester-type allegations concerning Fifth Amendment rights, denied that he is a "taxpayer," and denied that he must file an income tax return. Accordingly, petitioner requests that this Court "Dismiss the Notice of Deficiency without prejudice." In his answer filed March 20, 1989, respondent denied petitioner's allegations and alleged that the determination of a deficiency in income tax for the year 1985 was made by a delegate of the Commissioner and that the deficiency notice was issued by Robert E. Wenzel, Director of the Ogden Service Center. Petitioner filed a reply on April 18, 1989, which contained five pages of the repetitious protester-type arguments contained in his petition. Some time in June 1989, petitioner submitted to respondent interrogatories and a request for production of records and requests for admission pursuant to the Rules of this Court. In early July, respondent's counsel provided petitioner with *725 some of the answers requested. At the same time, respondent advised petitioner that he had not complied with Rules 70(a) and 90(a) requiring informal consultation before initiating discovery requests. See also Branerton v. Commissioner, 61 T.C. 691, 692 (1974). Petitioner was also advised by respondent of the section 6673 penalty and was provided with copies of several cases imposing that penalty. On July 20, 1989, the Clerk of the Court advised petitioner that the case was set for trial on the October 3, 1989, trial session at Portland, Oregon. Petitioner was advised in the Clerk's notice that he should meet and cooperate with respondent in preparing the case for trial and that his failure to cooperate could result in a dismissal of the case and entry of decision against him. On September 12, 1989, petitioner filed a Motion For Production Of Documents and a Motion For Continuance Pending Discovery. Petitioner's motions were denied. When this case was called for trial at Portland, Oregon, on October 4, 1989, respondent filed a trial memorandum which enumerated the issues for trial as (1) petitioner's failure to *2150 report income received from the *726 State of Oregon Employment Division, Department of Human Resources and from Taylor Electric Supply, Inc., and (2) delinquency, negligence, and estimated tax additions. Petitioner had refused to meet or cooperate with respondent in preparing for trial, including his refusal to execute a proposed stipulation of facts prepared by respondent. Petitioner's conduct at trial was disruptive. He was frequently argumentive and refused to discuss or present evidence concerning the substantive issues determined in the notice of deficiency and disclosed in respondent's trial memorandum. Petitioner continually objected to the introduction of any documents into the record by respondent and to any reference of his unreported income for the year at issue. He refused to answer questions of the Court relating to whether he had unreported income and had filed income tax returns for the tax years earlier and later than 1985. Although petitioner refused to execute a stipulation of facts, he insisted that he be allowed to file his "Stipulation of Facts." Although captioned a stipulation of facts, this document was signed solely by petitioner and merely contained additional protester arguments. The *727 document was filed as petitioner's memorandum of authority. Petitioner's only argument was a continuous challenge to the jurisdiction of this Court. He claimed that since the notice of deficiency was not issued by an authorized official of respondent and did not specify under which Code section the tax was imposed on petitioner, it was procedurally invalid and thus did not confer jurisdiction on this Court. Petitioner is essentially requesting this Court to "look behind" and review respondent's motives in issuing the statutory notice. As a general rule, however, this Court will not look behind the notice of deficiency to examine respondent's motives or administrative policy or procedures involved in making his determination. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Flynn v. Commissioner, 40 T.C. 770, 773 (1963). Only under rare circumstances, none of which are present here, will this Court look behind the statutory notice of deficiency and examine respondent's basis for issuing the notice. Berkery v. Commissioner, 91 T.C. 179, 186-187 (1988), affd. without published opinion 872 F.2d 411 (3d Cir. 1989), *728 and cases cited therein. Accordingly, respondent's statutory notice of deficiency is valid. Respondent's determinations, as embodied in respondent's notices of deficiency, are presumed correct. Petitioner has the burden of proving that respondent's determinations in the notice of deficiency are wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Petitioner's arguments in Court at the trial of this case served no useful purpose. He refused to introduce competent evidence to dispute respondent's determination. Petitioner's actions during trial clearly indicate that he had no intention of addressing the substantive issues to be considered by the Court. When the Court insisted that he answer respondent's or the Court's questions concerning the triable issues before the Court, petitioner stated: "if you're going to railroad me into a corner on that, then I'll stick with my Fourth, Fifth and Ninth Amendment rights again." Respondent's motion to dismiss for lack of prosecution will be granted under Rule 123(b) and a decision will be entered in favor of respondent. See Pleier v. Commissioner, T.C. Memo. 1989-360, affd. without published *729 opinion 911 F.2d 738 (9th Cir. 1990). See also Lovelace v. Commissioner, T.C. Memo. 1990-563. Finally, we consider respondent's oral motion for damages (penalty) under section 6673. Whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a). [2]
Petitioner was advised *730 by respondent on two occasions that damages would be sought if he did not address the substantive issues of his case. However, petitioner continued to advance his protester positions, making no meaningful effort to address respondent's determination. In addition, petitioner refused to stipulate to facts or to present any evidence. Petitioner has been amply warned and has refused to heed the warnings. The discredited contentions and legal theories expounded by petitioner are spurious and manifestly frivolous. McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Abrams v. Commissioner, 82 T.C. 403 (1984). Therefore, we find the conclusion inescapable that petitioner instituted and maintained this proceeding primarily for *2151 purposes of delaying the reporting of his income and payment of his income tax liability for the year 1985 by his presentation of time-worn, oft-rejected frivolous claims. For these reasons, we grant respondent's motion and require petitioner to pay to the United States a penalty of $ 5,000 for positions taken after December 31, 1989. See Urwyler v. Commissioner, T.C. Memo. 1990-188. *731 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the amount of the underpayment due to negligence.↩
2. The Omnibus Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400 changed the term "damages" to "penalty" and increased the amount which can be awarded to the United States from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date.↩