T.C. Memo. 2003-287

UNITED STATES TAX COURT

PEPPER POT TRUST, DAVID-KEITH JACOBS, TRUSTEE,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9111-02L, 9112-02L,      Filed October 7, 2003.
            9113-02L, 9447-02L.

David-Keith Jacobs (Trustee), for petitioners.

Huong T. Duong, for respondent.

MEMORANDUM OPINION

COLVIN, Judge:  This matter is before the Court on

respondent's motions to dismiss for lack of prosecution, and for

_____

    [1]  The following cases are consolidated herewith for trial,
briefing, and opinion:  Tuffy Ruffy Trust, David-Keith Jacobs,
Trustee, docket No. 9112-02L; Susan Bell Trust, David-Keith
Jacobs, Trustee, docket No. 9113-02L; and Brandy Dandy Trust,
David-Keith Jacobs, Trustee, docket No. 9447-02L.

summary judgment and to impose a penalty on each trust under section 6673.[2] Respondent filed motions for summary judgment and to impose a penalty under section 6673 in each case. Respondent made the motion to dismiss at the time set for trial, for which David-Keith Jacobs (Jacobs), the trustee of each trust, failed to appear.[3] For reasons stated below, we will grant respondent's motion to dismiss for lack of prosecution and so much of respondent's motions for summary judgment and to impose a penalty under section 6673 as asks us to impose a penalty on each trust under section 6673.[4]

## Background

The trusts' mailing address was in Clovis, California, when the petitions were filed.

A. Notices of Deficiency, Notices of Intent To Levy, and Federal Tax Liens

The trusts received notices of deficiency determining deficiencies in the fiduciary income taxes of each trust for 1996-97.

---

[2] Section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[3] No one representing any of the trusts in these cases appeared for trial.

[4] We will deny as moot so much of respondent's motions for summary judgment and to impose a penalty under sec. 6673 as asks for summary judgment.

On April 10, 2001, respondent issued to each trust a Final Notice of Intent to Levy and Notice of Your Right to a Hearing relating to each trust's 1996-97 tax years as follows:

| | | |
|---|---|---|
| Pepper Pot Trust | 1996 | $1,671.10 |
| | 1997 | 27,511.54 |
| Tuffy Ruffy Trust | 1996 | 59,840.09 |
| | 1997 | 90,344.89 |
| Susan Bell Trust | 1996 | 11,357.75 |
| | 1997 | 44,049.10 |
| Brandy Dandy Trust | 1996 | 21,323.94 |
| | 1997 | 56,283.41 |

On April 12, 2001, respondent filed with the Fresno County Recorder's Office a notice of Federal tax lien relating to each trust's income tax liabilities for tax years 1996-97. On April 17, 2001, respondent sent a notice to each trust that the notice of Federal tax lien had been filed.

B. The Section 6330(b) Hearing

On May 3, 2001, the trusts each filed a Form 12153, Request for a Collection Due Process Hearing, for tax years 1996-97 in which they contended that: (1) Section 861 and the regulations thereunder preclude the income at issue in these cases from being taxable, and (2) the regulations upon which respondent relies are invalid because they were not published in the Federal Register; and asked that respondent give them case citations showing that income is taxable.

In March 2002, respondent's Appeals Office conducted a section 6330(b) hearing in the trusts' cases for tax years 1996–97. Shirley Clingenpeel (Clingenpeel), one of the grantors, and Jacobs, the trustee, attended the hearing. A reporter chosen by the trusts recorded and transcribed the hearing.

At the hearing, the hearing officer told Clingenpeel and Jacobs that he had reviewed the administrative files and the transcripts of accounts. He used Forms 4340, Certificate of Assessments and Payments, to verify the assessments; reviewed the administrative record to verify that the requirements of all applicable laws had been met; and concluded that the lien and levy notices had been issued properly.

At the hearing, Clingenpeel and Jacobs did not offer any collection alternatives or challenge the appropriateness of the intended method of collection. Jacobs gave the hearing officer a document which asked him to produce or admit to 25 items. At the hearing, Jacobs asked for Form 23C, Assessment Certificate -- Summary Record of Assessments. The Appeals officer told Jacobs that he would not provide Forms 23C but he would send the trusts copies of the Forms 4340 to verify the assessments. Sometime after the hearing, respondent gave each trust Forms 2866, Certificate of Official Record, and Forms 4340, which showed that the amounts at issue were properly assessed.

C.   The Notice of Determination

On April 10, 2002, respondent sent each trust a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter), in which respondent stated that collection from each trust of its tax for tax years 1996-97 would proceed.  Each trust filed a petition for review of respondent's notice of determination.  The petitions contain the following contentions and disputed facts:  (1) Respondent has not provided the trusts with Internal Revenue Code sections establishing tax liability; (2) respondent has not provided the trusts delegation authority for assessing tax; (3) respondent has failed to provide Forms 23C; (4) the Forms 4340 for 1997 were flawed and do not show the proper assessment of tax; (5) the taxes for 1996 and 1997 were not legally assessed; (6) the proposed levies were more intrusive than necessary; (7) respondent's determination of the trusts' purported tax liabilities, the filing of the Notices of Federal Tax Lien, and respondent's collection actions were based on hearsay evidence and thus invalid; (8) respondent's failure to give the trusts Certificates of Assessment as requested denied them a meaningful opportunity to dispute the lawful assessment of tax; and (9) respondent cannot bring a collection action until respondent gives the trusts certified evidence to support the claimed tax liabilities.

Respondent filed an answer in each of these cases denying all errors alleged by the trusts. The Court sent a Notice Setting Case for Trial and Standing Pretrial Order to each trust on October 8, 2002. The Standing Pretrial Order states in part: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

D.  Respondent's Discovery Requests

On November 21, 2002, respondent informally asked the trusts to answer questions and produce documents. The trusts failed to respond to respondent's requests.

On December 13, 2002, respondent again wrote to each trust requesting informal discovery and warning them that respondent might seek an award of damages under section 6673 if they continued to maintain frivolous positions.

On December 20, 2002, respondent served on each trust interrogatories and a request for production of documents. Respondent sent to each trust a request for admissions on December 23, 2002. Jacobs's only response to the request for admissions was that "The trustee does not have enough information to admit or deny."[5] No other responses to respondent's request for admissions were filed on behalf of any of the trusts in these cases.

---

[5] Jacobs did not file the responses as required by Rule 90(c).

On January 15, 2003, Jacobs wrote to respondent on behalf of the trusts to request that respondent identify taxing statutes and that respondent provide delegation orders showing that the notices of deficiency and notices of determination were issued by persons authorized to do so.

On February 5, 2003, respondent again warned Jacobs that the Court could impose sanctions under section 6673.

Respondent filed motions for summary judgment and to impose a penalty under section 6673. The Court ordered the trusts to file responses to respondent's motions, but they did not do so. No one representing any of the trusts in these cases appeared for trial. Respondent moved to dismiss for lack of prosecution when these cases were called for trial.

## Discussion

The trusts bear the burden of proof on all issues.[6]

A. Motion To Dismiss for Lack of Prosecution

The Court may dismiss a case at any time and enter a decision against the taxpayer for lack of prosecution or for other cause which the Court deems sufficient. Rule 123(b). Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner, 87 T.C. 794, 803 (1986).

---

[6] The trusts do not claim that sec. 7491 applies in these cases, nor have they introduced in these proceedings credible evidence on any factual issue. Sec. 7491(a)(1).

A taxpayer's failure to proceed as required by the Court's Rules, unexcused failure to appear at a trial, and failure to participate in any meaningful way in the resolution of the case can result in a dismissal of the action against him or her for lack of prosecution. Long v. Commissioner, 742 F.2d 1141, 1142-1143 (8th Cir. 1984); Hart v. Commissioner, 730 F.2d 1206, 1208 (8th Cir. 1984); Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Freedson v. Commissioner, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978); Pleier v. Commissioner, T.C. Memo. 1989-360, affd. without published opinion 911 F.2d 738 (9th Cir. 1990). A taxpayer's unexcused failure to appear at trial may be grounds to dismiss the case for lack of prosecution. Rule 149(a).

The trusts did not file meaningful responses to respondent's request for admissions and did not file responses to respondent's motions for summary judgment and to impose a penalty under section 6673. No one appeared for trial on behalf of the trusts. The trusts did not submit a trial memorandum as required by the Court's Standing Pre-Trial Order or request a continuance. In view of the unexcused failure to appear at trial and the trusts' failure to participate meaningfully in the resolution of these cases, we will grant respondent's motion to dismiss for lack of prosecution. Rules 123(b), 149(a).

B.    Section 6673 Penalty

Respondent moves that the trusts be required to pay a penalty to the United States of up to $25,000 on grounds that they instituted or maintained these proceedings primarily for delay, their positions are frivolous or groundless, and they unreasonably failed to pursue administrative remedies.  Sec. 6673(a).

A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  The trusts' section 861 argument clearly is frivolous.  See Takaba v. Commissioner, 119 T.C. 285, 294-295 (2002); Williams v. Commissioner, 114 T.C. 136, 138-139 (2000); Corcoran v. Commissioner, T.C. Memo. 2002-18, affd. 54 Fed. Appx. 254 (9th Cir. 2002).  The trusts' contention that they are not liable for tax because respondent did not identify the Code sections which establish their liability for tax is frivolous.  See Nestor v. Commissioner, 118 T.C. 162, 167 (2002).  The trusts' argument that the Commissioner and his or her delegates lack authority to administer the internal revenue laws is frivolous.  See Lonsdale v. United States, 919 F.2d 1440, 1445-1447 (10th Cir. 1990).

Section 6330(c)(1) requires the Appeals officer to verify that the requirements of any applicable law or administrative

procedure have been met.  However, section 6330(c)(1) does not specify which document the Commissioner must use (e.g., the summary record rather than a transcript of account) to satisfy the verification requirement.  Kuglin v. Commissioner, T.C. Memo. 2002-51.  Even though Jacobs requested that respondent provide Forms 23C, it was not an abuse of discretion for respondent to give him Forms 4340 to verify the assessments.  See Hughes v. United States, 953 F.2d 531, 535-536 (9th Cir. 1992); Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, supra at 166.

We conclude that the trusts' positions are frivolous and that they maintained these proceedings primarily for delay.  We will require each trust to pay to the United States a $5,000 penalty under section 6673(a).

Accordingly,

Appropriate orders of dismissal and decision will be entered.