**Noble LARTEY, et al., Plaintiffs,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Defendants.**

**No. CV–91–2259.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

April 24, 1992.

Noble Lartey, pro se.

Carl E. Perry, Asst. U.S. Atty., Lafayette, La., for defendants.

### MEMORANDUM RULING

TRIMBLE, District Judge.

Pending before this court is a Motion To Dismiss filed by the defendants in this case.

On October 17, 1991, a pleading styled "Inmates of African Descent– FCI Oakdale vs. U.S. Department of Justice, et. al., Application For Writ of Mandamus Under 28 U.S.C. 1361 and Class Action, Seeking Injunctive Relief Jurisdiction and Declarative Judgment and Damages Pursuant to 28 U.S.C. Sec. 1983, 28 U.S.C. 1331" was filed in this court. In this pleading, the petitioners asserted that although they had completed their respective terms of incarceration, they were being held at Oakdale under an INS detention order issued in contradiction to statutory mandates, in violation of their civil rights. A Memorandum Ruling was issued December 26, 1991, considering this claim a petition for writ of habeas corpus and dismissing the claim, without prejudice, based upon a failure to exhaust administrative remedies.

A "Petition to Amend by Substitution" was filed on January 8, 1992, and was denied on January 13, 1992, since the petition to be amended had already been dismissed. Then, on January 24, 1992, a "Motion to Reconsider" was filed with the Court. In this motion, the petitioners alleged that the "detainer" process as it was applied to them, inmates of African descent, was conducted in an arbitrary man-

ner in violation of the Immigration Reform and Control Act and due process under the 5th amendment. They further alleged that the Interagency Cooperation Agreement Policy, excerpts of which were attached to their petition, is a final agency action appealable to the district court. Based upon applicable law and jurisprudence, the petitioners' Motion For Reconsideration was GRANTED and the petitioners were permitted to File their Civil Right Complaint under 42 U.S.C. Section 1983. Furthermore, the petitioners were ordered to supply an adequate number of copies of pleadings and summonses for service upon all the defendants within sixty days of the date thereof.

Subsequently, a motion was filed pursuant to 28 U.S.C. §§ 2201, 2202, seeking a declarative judgment and injunctive relief. Although the petition seeks both declarative judgment and injunctive relief, the previous order of this court had not been followed and adequate copies of pleadings and summonses had not yet been provided to the court for service upon the defendants. Similarly, a motion for certification of the class had also been filed prior to the plaintiffs complying with the previous order of the court. The plaintiffs then requested leave of court to amend their complaint to name judges and attorneys as additional defendants, which motion was denied.

The defendants have filed a motion to dismiss with memorandum and then filed a supplemental memorandum distinguishing the facts of this case with the facts of *McNary v. Haitian Refugee Center, Inc.,* —— U.S. ——, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991).

The pro se petition filed by Noble Lartey raised five basic issues: 1) Mr. Lartey asserts that they are not amenable to centralized deportation proceedings pursuant to 8 U.S.C. § 1252(a); 2) 8 U.S.C. § 1252(i) requires that deportation proceedings should begin almost immediately after conviction; 3) 18 U.S.C. § 3624(c) grants petitioners the right to participate in pre-release programs; 4) the actions of the Bureau of Prisons (BOP) and the Immigration and Naturalization Service (INS) have violated their statutory and constitutional rights; and 5) because of these alleged violations, the "Inmates of African Descent" are entitled to extraordinary relief pursuant to 28 U.S.C. § 1361 and monetary damages against the named defendants, in their personal capacity, pursuant to 42 U.S.C. § 1983.

Originally, this suit was dismissed as premature for failure to exhaust administrative remedies. This court reconsidered under *McNary*, supra, and allowed the suit to be filed on the basis that the petitioners were asserting that an INS policy was unconstitutional and therefore exhaustion of administrative remedies was not necessary for judicial review. Now, however, this court must address the merits of the petitioners' claims.

The United States' first argument is that this suit should be dismissed in its entirety pursuant to 28 U.S.C. § 1915(d), since it is frivolous and without merit. Secondly, that it should be dismissed pursuant to F.R.Civ.P. 12(b)(6) since it fails to state a cause of action upon which relief can be granted. Thirdly, the Government asserts that the individual defendants should be dismissed from the suit on the basis of absolute or qualified immunity. Fourthly, The Government asserts that if the court does not dismiss the suit based upon the foregoing reasons, that all of the plaintiffs except Noble Lartey should be dismissed. Fifth, the Government distinguished the facts of *McNary* from the facts of the case at bar. In support of their position, the Government attached a copy of the opinion of the Board of Immigration Appeals (BIA).

Lartey was convicted of possession and distribution of over 1 million tablets of a schedule III drug over a 27–month period. He served approximately 9 years before being paroled to an INS detainer. He was found deportable by an Immigration Judge and appealed the decision to the BIA, which affirmed the decision. He appealed this decision to the Fifth Circuit. This appeal is pending, but a pending appeal does not stay deportation. Lartey requested that

the Fifth Circuit stay his deportation while his appeal was pending, but the court denied this request. Subsequently, Lartey was deported to Ghana.

A review of the BIA files indicate that Lartey's account of the illegal actions taken against him are not supported by the record. Lartey had the opportunity to present his case to the Immigration Judge, BIA, and the Fifth Circuit. He was ordered deported. The sole reason for Lartey's continued detention was his utilization of the appeal process.

■ 8 U.S.C. § 1252(i) does not create a private right of action. The purpose of the statute was to expedite deportation of criminal aliens. *Prieto v. Gluch*, 913 F.2d 1159, 1165–1166 (6th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991). The current program by the INS and BOP purportedly deports aliens as soon as possible after their release from imprisonment.

■ The defendants also argue that 18 U.S.C. 3624(c) does not apply to deportable aliens and this court agrees. This section only applies to prisoners that are being released to a community within the United States.

■ The law is also clear that 42 U.S.C. § 1983 does not provide a cause of action against federal officials acting under color of federal law. *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir.1983). The petitioners' actions against the individually named defendants under § 1983 will, therefore, be dismissed on this basis and on the basis of absolute or qualified immunity.

■ Although the language of § 1983 does not provide for any immunities, the Supreme Court has consistently taken the position that, in enacting the original version of Section 1983 in 1871, Congress did not intend "to abolish wholesale" all common-law immunities. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). This common-law immunity applies in cases like the case at bar where the plaintiffs are attempting to establish individual liability against federal officials based upon claimed violations of the federal constitution. *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ In the case at bar, the defendants include a judge who is protected by an absolute immunity and INS attorneys, and investigators, all of whom are protected by qualified good-faith immunity. The absolute immunity from monetary relief stemming from judicial actions of the immigration judge "bars a suit at the onset and frees the defendant official of any obligation to justify his action" while the qualified immunity "is in the nature of an affirmative defense and protects an official from liability only if he can show that his actions did not contravene clearly established constitutional or statutory rights of which a reasonable person in his position would have known." *Gray v. Bell*, 712 F.2d 490, 495–496 (D.C.1983), *cert. den.* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).

■ Because the underlying rationale of the immunity doctrine is that participants in judicial functions should be able to function free from fear of having to defend their actions in suits brought against them for money damages, the plaintiffs must meet a higher pleading standard and may not merely assert vague and unspecific allegations of civil rights violations. *Section 1983 Litigation: Claims, Defenses and Fees*, Schwartz, Wiley Law Publications, 1986 Chapter 7. The plaintiff must state a claim of violation of clearly established law. Immunity does not even become an issue unless the pleadings show that the plaintiff's federally protected rights have been violated. *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 *reh'g denied*, 445 U.S. 920, 100 S.Ct. 1285, 63 L.Ed.2d 606 (1980). In the instant case, the pleadings are too vague and the plaintiffs have not met their increased standard of pleading, therefore the claim against these defendants shall be dismissed.

The facts of this case, as affirmed by the details having been supplied to the court since its initial ruling, are easily distin-

guishable from *McNary, supra.* The facts of this case support the defendants' position that this suit is frivolous and malicious. Accordingly, this suit will be dismissed in its entirety pursuant to 28 U.S.C. § 1915(d).