United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30555
Conference Calendar

_____

VYRON L. BROWN, doing business as Soul Contractors,

Plaintiff-Appellant,

versus

CITY OF SHREVEPORT; LILLIAN PRIEST; RAMON LAFITTE; KEITH
HIGHTOWER; MARCIA NELSON; EVA PHILLIPS; RON ADAMS; UNKNOWN
EMPLOYEES; TERRI SCOTT ANDERSON; J.C. MARSHALL; COMMUNITY
DEVELOPMENT; NEIGHBORHOOD REVITALIZATION PROGRAM; EMERGENCY
RECOVERY PROGRAM; PAINT YOUR HEART OUT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-713
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Vyron L. Brown appeals the district court's dismissal of his
civil rights action, filed pursuant to 42 U.S.C. §§ 1981, 1983
and 2000e, as barred by the doctrine of claim preclusion.  Brown
argues that the complaint filed in the instant case concerns a
different set of facts and a different defendant from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

previous actions that he filed and that this complaint involves a continuing violation of his rights by the City of Shreveport.

Brown has not shown that the district court erred in dismissing the instant complaint as barred by the doctrine of claim preclusion. This action and Brown's previous action involved the same parties, the judgment in case no. 01-CV-2415 was rendered by a court of competent jurisdiction, a final judgment on the merits was rendered in case no. 01-CV-2415, and the actions involved the same causes of action. Despite Brown's argument to the contrary, Brown's complaint in the instant case did not raise any additional claims. The four elements of claim preclusion are present and, therefore, the district court did not err in dismissing Brown's complaint. See Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395 (5th Cir. 2004), petition for cert. filed (U.S. Aug. 5, 2004)(No. 04-190).

Brown also argues that the district court erred in dismissing his complaint before service of the complaint on the defendants. Because Brown's complaint was barred by the doctrine of claim preclusion, it was without arguable merit or frivolous. See, e.g., Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Brown has not shown that the district court's dismissal of his frivolous complaint prior to service on the defendants was improper. See Zernial v. United States, 741 F.2d 431, 433 (5th Cir. 1983).

Brown's appeal is without arguable merit and, therefore, is DISMISSED as frivolous.  See Howard, 707 F.2d at 219-20.  Brown is warned that further frivolous filings in this court will subject him to sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.